IN THE UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| GARCIA WILSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOUTH CAROLINA DEPARTMENT OF )<br>CORRECTIONS; WARDEN RICHARD )<br>COTHRAN, individually and/or in his official )<br>capacity as warden at Turbeville Correctional )<br>Institution; WARDEN WILLIE EAGELTON, )<br>individually and/or in his official capacity as )<br>warden of Evans Correctional Institution, )<br>ASSOCIATE WARDEN ANNIE SELLERS, )<br>Individually and in her official capacity as an )<br>Associate warden at Evans Correctional Institution, )<br>CORRECTIONAL OFFICER MCFADDEN, )<br>individually and/or in his official capacity as an )<br>employee of SCDC, CORRECTIONAL OFFICER )<br>SMITH, individually and/or in his official capacity )<br>as an employee of SCDC, CORRECTIONAL )<br>OFFICER DAVIS, individually and/or in his )<br>official capacity as an employee of SCDC, )<br>CORRECTIONAL OFFICER SGT. PARKER, )<br>individually and/or in his official capacity as an )<br>employee of SCDC, CORRECTIONAL OFFICER )<br>GILLESPIE, individually and/or in his official )<br>capacity as an employee of SCDC, )<br>CORRECTIONAL OFFICER OCEAN, )<br>individually and/or in his/her official capacity as an )<br>employee of SCDC, CORRECTIONAL OFFICER )<br>MAJOR CHARLES WEST, individually and/or in )<br>his official capacity as an employee of SCDC, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 1:17-3032-HMH-SVH<br><br><br><br><br><br>**RULE 26.03 RESPONSES**<br>**BY PLAINTIFF** |

      This report is jointly submitted by counsel for the Plaintiffs and the Defendants pursuant to Fed.R.Civ.P. 26(f), as elaborated by Local Rule 26.03.

Pursuant to Rule 26(f) and the Order of the Court filed November 8, 2017, a conference was conducted by telephone among Victoria S. H. Knight, as counsel for the Plaintiff along with David C. Holler, as counsel for Defendants.

1. **Rule 26(f) Conference.**

    The parties have conferred regarding the items below as required by Fed. R. Civ. Proc. 26(f).

2. **Initial Disclosures.**

    The parties agree to waive the disclosures required by Rule 26(a)(1).

3. **Scheduling Order.**

    The parties jointly agree that the schedule outlined in the Conference and Scheduling Order filed November 8, 2017 should be modified as proposed in the Consent Amended Scheduling Order.

4. **Other Orders.**

    The parties are not aware of any other orders that need to be entered by the Court at this time.

5. **Local Civil Rule 26.03 Responses.**

    (a) **A short statement of the facts of the case.**

    This matter involves a failure to protect claim filed by an inmate under the South Carolina Tort Claims Act and 42 U.S.C. § 1983 who each allege that they were injured while incarcerated within the Ridgeland Correctional Institution and Evans Correctional Institution of the South Carolina Department of Corrections. The Defendants have denied liability and damages.

    (b) **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

The parties expect that the Plaintiff and each of the individual Defendants to be called as witnesses in the case.

1. **Plaintiff – Garcia Wilson**

2. **Defendants – Warden Richard Cothran, Warden Willie Eagleton, Associate Warden Annie Sellers, Correctional Officer McFadden, Correctional Officer Smith, Correctional Officer Davis, Correctional Officer Sgt. Parker, Correctional Officer Gillespie, Correctional Officer Ocean, Correctional Officer Major Charles West**

**(c)** **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Neither party has identified a specific expert that they intend to call at trial; however, Plaintiff and Defendants reserve the right to supplement this response as appropriate and such disclosures will be made in accordance with the Court's Amended Scheduling Order, if approved.

**(d)** **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Summary of Claims and Defenses, including Statutory and Case Citations for Plaintiffs:

1. <u>42 U.S.C. §1983</u>

   42 U.S.C. § 1983 provides in part:

   Every person, who under color of any statute, ordinance, regulation, custom or usage with any state . . . causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

a. <u>Not Persons Under §1983</u>

States and state agencies are not "persons" as defined by 42 U.S.C. §1983 and therefore are not subject to suit under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). The United States Supreme Court has stated that a suit brought against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). Further, the Eleventh Amendment to the United States Constitution bars Section 1983 claims in federal court against a state or state agency defendant. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

b. <u>Qualified Immunity</u>

Qualified immunity protects government officials performing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Officials lose the protection of immunity only if it appears that: (1) they violated a statutory or constitutional right of the Plaintiff, and (2) the right was clearly established at the time of the acts complained of such that an objectively reasonable official in their position would have known of the right. *Id.*

c. <u>Punitive Damages</u>

Punitive damages are available to plaintiffs under § 1983 since "[r]edress commensurate to such [personal] injuries should be afforded. IN ascertaining its extent, the jury may consider all the facts that relate to the wrongful act of the defendant, and its consequences to the plaintiff; but they are not at liberty to go farther, unless it was done willfully, or *was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them.* In that case, the jury are authorized, for the sake of public example, to give such additional damages as the circumstances require." *Smith v. Wade*, 461 U.S. 30, 42, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983) citing *Milwaukee & St. Paul R. Co. v. Arms,* 91 U.S. 489, 23 L.Ed. 374 (1875). [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and

punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983." *Id.* at 49.

2. The South Carolina Tort Claims Act

The South Carolina Tort Claims Act is the exclusive remedy for tort suits brought against the State of South Carolina and its political subdivisions. *S.C. Code Ann.* § 15-78-20. The Tort Claims Acts does not create causes of action; rather, it removes the common law bar of sovereign immunity in certain situations, but only to the extent mandated by the Act. *Summers v. Harrison Constr.*, 298 S.C. 451, 381 S.E.2d 493 (Ct.App.1989). The Act provides that when bringing an action against a governmental entity, the plaintiff shall name as the party defendant only the agency or political subdivision for which the employee was acting. *S.C. Code Ann*. §15-78-70(c).

Under the Tort Claims Act, a person must suffer a loss to have a claim against a state or its agencies. *S.C. Code Ann*. § 15-78-50(a). A loss is defined as bodily injury, disease, death, or damage to tangible property, and includes lost wages, pain and suffering and mental anguish. *S.C. Code Ann*. § 15-78-30(f).

The Tort Claims Act also provides several exceptions to the government's waiver of immunity. One such exception provides that a governmental entity is not liable for a loss resulting from the "exercise of discretion or judgment by the governmental . . . employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental . . . employee." *S.C. Code Ann.* § 15-78-60(5). Another exception provides that a governmental entity is not responsible for a loss resulting from "an act or omission of a person other than an employee including but not limited to the criminal actions of third persons." *S.C. Code Ann.* § 15-78-60(20). A third exception provides that a governmental entity is not responsible for a loss resulting from the "institution or prosecution of any judicial or administrative proceeding." *S.C. Code Ann.* § 15-78-60(23).

The South Carolina Tort Claims Act is "the exclusive remedy for any tort committed by an employee of a governmental entity." *S.C. Code Ann.* § 15-78-70(a). The Act provides that a government employee is personally liable only if the plaintiff proves that the employee's conduct

was outside the scope of her official duties or her actions constituted actual fraud, actual malice, intent to harm, or a crime of moral turpitude. *S.C. Code Ann.* § 15-78-70(b).

    a. Statute of Limitations

The South Carolina Tort Claims Act establishes a two (2) year statute of limitations for tort actions. *S.C. Code Ann.* § 15-78-110. This two (2) year period runs from the date the loss was or should have been discovered. *Id*.

    b. Limitations on Damages

For any action brought pursuant to the South Carolina Tort Claims Act, liability is limited to $300,000.00. *S.C. Code Ann.* § 15-78-120. The South Carolina Tort Claims Act specifically bars punitive damages. *Id.*

3. Other Defenses

Defendants have asserted and will develop other defenses for this action.

Defendants reserve the right to supplement this response with further authorities in support of their defenses as discovery is conducted and the claims and defenses of this action become more definitive.

**(e)** **Absent special instructions from the assigned judge, the Parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

(1) Exchange of Federal Rules of Civil Procedure 26(a)(2) expert disclosures; and
(2) Completion of discovery.

**Response**: The dates for completing discovery and exchanging Rule 26(a)(2) expert disclosures are specified in the Amended Scheduling Order recently submitted to the Court for consideration.

**(f)** **The parties shall inform the court whether there are any special circumstances, which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Rule 16.02(c) [Content of Scheduling Order].**

**Response:** The parties are not aware of any specific circumstances at this time.

Respectfully submitted this the __12_th day of December, 2017.

BELL LEGAL GROUP, LLC

s/ J.Edward Bell, III
J. Edward Bell, III, Fed Bar No.: 1280
Victoria S. H Knight, Fed Bar No.: 2257
219 North Ridge Street
Georgetown, South Carolina 29440
(843) 546-2408
ebell@edbelllaw.com

*Attorneys for Plaintiff*