# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brandon Bartlett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2:17-3031-RMG |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Garcia Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:17-3032-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the objections of the Defendant South Carolina Department of Corrections ("SCDC") to an Order and Report and Recommendation ("R & R") of the Magistrate Judge recommending the imposition of sanctions against SCDC for violations of rules relating to discovery. (C.A. No. 2:17-3031, Dkt. Nos. 146, 148; C.A. No. 1:17-3032, Dkt. Nos. 99, 101).[1] The Magistrate Judge recommended sanctioning SCDC by requiring payment of Plaintiffs' reasonable attorneys' fees associated with the failure to timely produce the

---

[1] The R & R was identical in the above captioned cases. For purposes of simplicity, citation to the R & R will be to filings in *Bartlett*, C.A. No. 2:17-3031.

Roth Report in discovery and obstruction of efforts to take the deposition of the author of the report, Tom Roth. (Dkt. No. 231 at 27-31). The Magistrate Judge also found that SCDC failed to take reasonable steps to preserve certain electronically stored evidence provided to Mr. Roth and that Plaintiffs have been prejudiced by this loss. She recommended that as sanctions for this failure to preserve this evidence, SCDC be prevented from contesting the contents of the Roth Report and that Plaintiffs be allowed to present evidence and argument to the jury regarding SCDC's loss of this information. (*Id*. at 31-34).

## Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make the final determination rests with the District Court. *Matthew v. Weber,* 423 U.S. 261, 270-71 (1976). The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C).

Rule 37 of the Federal Rules of Civil Procedure provides that where a party fails to produce in discovery information required under Rule 26(a), the violating party may be subject to sanctions. These possible sanctions include an order to pay "reasonable expenses, including attorneys' fees, caused by the failure," and an authorization of the injured party to inform the jury of the violating party's actions. Fed. R. Civ. P. 37(c)(1)(A), (B). A party to a civil action in federal court, in response to discovery requests, has the duty to produce "any nonprivileged matter that is relevant to any party's claim or defense," and there is a continuing duty to supplement where a party subsequently discovers or becomes aware of additional relevant evidence. Fed. R. Civ. P. 37(b), (e).

In determining the appropriate sanction for a failure to disclose, the Court should consider (1) whether the party acted in bad faith; (2) the amount of prejudice that non-compliance caused the opposing party; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would be effective.  *So. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

## Discussion

These two actions involve claims by inmates incarcerated in institutions operated by SCDC who assert, *inter alia,* that Defendants exposed them to unreasonable danger by systematically understaffing their prison institutions, resulting in assaults and severe physical injuries.  Plaintiffs propounded to Defendants broad discovery requests that required the production of documents containing information related to safety and understaffing, and identification of witnesses with knowledge regarding these matters.

SCDC commissioned a study, completed in March 2018, which made a "security staffing assessment" of thirteen SCDC facilities, including ones at issue in these cases, and found a correlation between understaffing and prison violence.  (Dkt. No. 142 at 3-4, 9).  The report was prepared by an outside consultant, Mr. Tom Roth, and the study came to be known as the Roth Report.  The findings and conclusions of the Roth Report are unquestionably relevant to Plaintiffs' claims in these suits and there was no credible basis for non-disclosure.

**A.     Failure to Produce the Roth Report and Mr. Roth for Deposition Testimony**

Plaintiffs propounded discovery requests in mid-2018 and early 2019 that plainly covered the substance of the Roth Report, but the report was not produced by SCDC in discovery and was not included on any privilege log.  Mr. Roth was also not identified as a potential witness.

Instead, Plaintiffs learned of the existence of the Roth Report from news articles published on January 12 and April 11, 2019. A redacted version of the Roth Report was obtained by a news reporter from SCDC under the Freedom of Information Act. Upon publication of the Roth Report's findings in the news media, Plaintiffs made a specific demand for this non-disclosed report. As the Magistrate Judge described in detail in the R & R, SCDC then engaged in a protracted battle to prevent disclosure of the clearly discoverable Roth Report and then attempted to obstruct the court-ordered deposition of Mr. Roth. (Dkt. No. 146 at 14-23).

The actions of SCDC seeking to prevent disclosure of and obstructing access to this highly probative evidence are well documented in the Magistrate Judge's thorough R & R and clearly constitute sanctionable conduct under Rule 37. The Magistrate Judge concluded that the agency did not act in bad faith and ultimately the Roth Report was produced by SCDC under Court orders, reducing to some degree the prejudice to Plaintiffs. There is, however, a very strong need to deter this type of discovery abuse, and the Court finds that no sanction less than an order of payment of Plaintiffs' expenses, including attorneys' fees, is sufficient for these multiple discovery rule violations detailed in the R & R.

The Court **HEREBY ADOPTS** the portion of the R & R setting forth the legal standards and the discussion relating to the attorneys' fees sanction (Dkt. No. 146 at 8-31) as the order of the Court. The Court **REMANDS** the matter to the Magistrate Judge to set a reasonable attorneys' fee as a sanction based upon attorney hours and expenses resulting from SCDC's discovery rule violations.

B.      **Failure to Preserve Electronically Stored Information**

The Magistrate Judge additionally determined that SCDC failed to preserve electronically stored information ("ESI") that was provided to Mr. Roth and that Plaintiffs "have

been prejudiced by the loss of this ESI." (*Id.* at 33). SCDC challenges this conclusion and contends that it has provided Plaintiffs all of the information it has requested in discovery that was given to Mr. Roth. (Dkt. No. 157 at 2-5). In an effort to obtain further clarification in this matter, the Court issued an order directing that Plaintiffs specify any documents that were provided to Mr. Roth and not produced by SCDC in discovery. (Dkt. No. 154.) Plaintiff responded by identifying numerous documents that have not been produced by SCDC. (Dkt. No. 156 at 2-17).

To obtain a better understanding of the alleged failure of SCDC to produce to Plaintiffs documents provided to Mr. Roth, the Court **REMANDS** this matter to the Magistrate Judge to:

1. Review the list of allegedly missing documents provided by Plaintiffs and make findings concerning whether such documents have been produced or whether SCDC failed to preserve or otherwise failed to produce such documents;

2. Make a finding of any specific prejudice that Plaintiffs have suffered, if any, if the ESI has been lost[2]; and

3. Recommend any sanctions, if appropriate, based upon those findings.

In the interim, the Court will hold in abeyance the Magistrate Judge's recommendations regarding sanctions associated with allegedly lost ESI. (Id. at 31-35).

**Conclusions**

---

[2] In response to the Court's inquiry (Dkt. No. 154), SCDC stated that it does not intend to object to the admissibility of the Roth Report or contest the accuracy of Roth's data or conclusions, beyond objections previously made and ruled upon by this Court. (Dkt. No. 157 at 1). This representation by SCDC to the Court is binding and eliminates the need to impose any sanction preventing SCDC from contesting the contents of the Roth Report.

2

Based on the foregoing, the Court adopts as the Order of the Court the Standard and Discussion sections of the R & R related to the failure to disclose the Roth Report and activities thereafter to resist production of the report and obstruct Mr. Roth's deposition (*Id.* at 8-31). The Court remands the matter to the Magistrate Judge to set reasonable attorneys' fees as a sanction. The Court holds in abeyance the proposed sanctions related to the allegedly missing ESI (*id.* at 31-35) while the Magistrate Judge addresses issues set forth above on remand.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2020
Charleston, South Carolina