**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Garcia Wilson, | ) | Civil Action No. 1:17-3032-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") (Dkt. No. 139) recommending that the Court deny Plaintiff's amended motion for sanctions (Dkt. No. 85) as it applies to Defendant South Carolina Department of Corrections' allegedly lost or destroyed electronically stored information. For the reasons set forth below, the Court adopts the R &R as the order of the court.

**I.     Background**

Plaintiff Garcia Wilson claims that Defendants violated his constitutional rights by failing to protect him from fellow inmate violence while incarcerated at Turbeville Correctional Institution. Wilson alleges that he suffered injuries as a result of six separate assaults from June 2016 through August 2017. He brings fifteen causes of action. Claims against the individual defendants are made against them in their individual and official capacities as employees of Defendant South Carolina Department of Corrections ("SCDC").

**II.     Legal Standard**

**A.     Review of the R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the

Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the district court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.      Sanctions Pursuant to Rule 37(e) of the Federal Rules of Civil Procedure**

Spoliation is "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Spoliation must involve more than the "negligent loss or destruction of evidence," as "the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction. *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). A district court's power to sanction spoliation derives from two sources, Rule 37(e) and its "inherent power . . . to redress conduct 'which abuses the judicial process.'" *Id*. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).

Rule 37(e) governs the spoliation analysis for electronically stored information ("ESI"). It provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

"In order to warrant sanctions under Rule 37(e), which concerns only electronically stored information, certain threshold elements must be established: (1) the information should have been preserved, (2) the information was lost, (3) the loss occurred because a party failed to take reasonable steps to preserve it, and (4) the information cannot be restored or recovered through additional discovery." *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, No. 2:12-cv-00497-JRG, 2016 WL 5869448, at *3 (S.D. W.Va., Oct. 6, 2016). If these four initial requirements are satisfied, Rule 37 "next establishes two different avenues parties can take to demonstrate that sanctions are warranted." *Id*. "The first avenue, Rule 37(e)(1), requires a court to make a finding of prejudice before sanctions may be warranted. The second avenue, Rule 37(e)(2), requires a court to make a finding that a party acted with the intent to deprive the opposing party" of the ESI. *Id*. Courts have broad discretion when deciding whether to impose spoliation sanctions. *See Turner*, 736 F.3d at 281.

### III.  Discussion

Plaintiff contends that Defendant SCDC failed to preserve certain emails containing documents that Thomas Roth reviewed in drafting the Roth Report. (Dkt. No. 85 at 27.) Existence of these documents came to light when Mr. Roth produced a flash drive containing approximately

305 emails and 1,788 pages of attachments, in response to Plaintiff's August 2019 third-party deposition subpoena. (Dkt. No. 101 at 15.)  Plaintiff contends that these and potentially other documents that Defendant SCDC supplied to Mr. Roth should have been captured from SCDC's servers and produced. (Dkt. No. 85 at 24.)  Defendant SCDC argues that it could not identify and produce any such documents because their time-sensitive secure links expired and were automatically deleted (Dkt. No. 125 at 9, No. 128), but, in any event, the information remains discoverable by other means (Dkt. No. 101 at 20, 22).

This Court previously remanded to the Magistrate Judge specific inquiries relating to a sanction based on loss of ESI; specifically: (1) review the list of allegedly missing documents provided by Plaintiff and make findings concerning whether such documents have been produced or whether SCDC failed to preserve or otherwise failed to produce such documents; (2) make a finding of any specific prejudice that Plaintiff suffered, if any, if the ESI has been lost; and (3) recommend any sanctions, if appropriate, based upon those findings. (Dkt. No. 111 at 5.)  The Magistrate Judge has reviewed the six encrypted links emailed by Defendant SCDC to Mr. Roth from September 2017 through January 2018. (Dkt. No. 121-1.)  The documents underlying the links cannot be identified because the secure links have expired and Defendant SCDC retained no other records of the documents and, therefore, are considered lost under Rule 37(e).  The Magistrate Judge finds that this loss appears to be a result of Defendant SCDC's failure to take reasonable steps to preserve the information recorded at these links, and that at least four of the six links reasonably should have been preserved in light of the complaint being served on Defendant SCDC on or around October 23, 2017. *See In re: Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D. W.Va. 2014).

Critically, as discussed, imposing sanctions under Rule 37(e) requires a showing of prejudice. Fed. R. Civ. P. 37(e)(1). Spoliation "causes no prejudice [if] the evidence destroyed was not relevant, or as merely cumulative to readily available evidence, or [if] the same evidence could be obtained from other sources." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 526 (D. Md. 2010). Similarly, "prejudice is less acute when there are sources from which at least some of the allegedly spoliated evidence can be obtained . . . [and] when the party seeking discovery can obtain extrinsic evidence of the content of at least some of the deleted information from other documents, deposition testimony, or circumstantial evidence." *In re Ethicon*, 299 F.R.D. at 523. The Magistrate Judge cannot discern any specific prejudice Plaintiff has suffered from the loss of the allegedly missing documents, including because Defendant SCDC has represented that it will not contest the contents of the Roth Report and Plaintiff had opportunity to depose Mr. Roth about his report, conclusions and data collected for it. *See Knight v. Boehringer Ingelheim Pharma, Inc.*, 323 F. Supp. 3d 837, 845 (S.D. W.Va. 2018) (noting that courts typically find prejudice under Rule 37(e)(1) "when spoliation compromises [another] party's ability to present its case," particularly where the "party cannot present evidence essential to its underlying claim.") (internal quotation marks omitted).[1] Nor is there any reasonable basis to find that Defendant SCDC acted with an intent to deprive Plaintiff of the information's use in litigation. Fed. R. Civ. P. 37(e)(2). No party filed an objection to the Magistrate Judge's R & R.

---

[1] The Magistrate Judge also noted in her prejudice analysis that Plaintiff did not rely on the Roth Report or Mr. Roth's deposition testimony when opposing Defendants' motion for summary judgment. The Roth Report was not in the record on summary judgment at the time. It is now in the record pursuant to the Court's order on its rule to show cause.

Therefore, having carefully considered the Magistrate Judge's findings and the basis thereof, the Court adopts as the order of the Court the recommendation that the portion of Plaintiff's amended motion for sanctions seeking sanctions on the basis of lost ESI be denied.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 139) as the order of the Court. The portion of Plaintiff's amended motion for sanctions (Dkt. No. 85) seeking sanctions for Defendant SCDC's loss of ESI is **DENIED**.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 21, 2020
Charleston, South Carolina